**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENDELL D. MANLEY,**

          **Plaintiff,**

**-vs-**                                              **Case No. 6:12-cv-491-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

_____

# Memorandum Opinion & Order

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED.**

## I.     BACKGROUND

### A.     Procedural History

Plaintiff first filed for a period of disability, DIB and SSI benefits on November 7, 2006. R. 181-85. He alleged an onset of disability on November 7, 2006[1]. R. 181-85. He was evidently found

---

[1] Plaintiff's counsel at the administrative level raised the issue of a later onset date because Plaintiff's last physical day at work was June 28, 2006, but the onset date was apparently never finalized during the hearing or modified in the social security records. R. 41, 70. SSA notes indicate a potential onset date of January 8, 2008 was suggested internally. R. 209.

not disabled but did not appeal the decision. On February 12, 2008, Plaintiff reapplied alleging disability due to inflammatory arthritis, organic mental disorder, rotator tendinitis, arthritis of hands, knees, feet, ankles, and neck and low back pain, degenerative disc disease of the cervical spine and lumbar spine, sleep apnea, chest pain, and chronic stage 3 kidney disease with edema. R. 42, 48, 52, 71-74, 192-98. His application was denied initially and upon reconsideration. R. 76-83, 87-91. Plaintiff requested a hearing, which was held on June 28, 2010, before Administrative Law Judge Julia Gibbs (hereinafter referred to as "ALJ"). R. 33-70. In a decision dated July 14, 2010, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. R. 13-32. Plaintiff timely filed a Request for Review of the ALJ's decision. R. 12. The Appeals Council denied Plaintiff's request on January 27, 2012. R. 1-7. Plaintiff filed this action for judicial review on March 30, 2012. Doc. 1.

### B. Medical History and Findings Summary

Plaintiff was forty-one years old as of his alleged onset date, November 29, 2005. R. 16, 25, 187. At the time of the hearing, Plaintiff was forty-five years of age, and had completed the eleventh grade in 1984. R. 70, 220. He had past relevant work as an electrician helper requiring him to lift up to one hundred pounds, classified as heavy work, and a general construction worker, also heavy work. R. 58, 215.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of gout, arthritis, high blood pressure, kidney malfunction, and high cholesterol. R. 214. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from hypertension, hyperlipidemia, obesity, arthritis, gout, status post arthoscopy of the right knee, bunion removal, sleep apnea, polyarthritis and stable chronic renal insufficiency, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No.

4.  R. 18.  The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with certain limitations on bending.  R. 20.  Based upon Plaintiff's RFC, the ALJ determined that he could not perform past relevant work.  R. 24.  Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and, based on the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy as a circuit board assembler, table worker, and food and beverage clerk.  R. 25-26.  Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.  R. 26.

Plaintiff now asserts three points of error.  First, he argues that the ALJ erred in failing to include mental limitations in the RFC even though the ALJ determined that Plaintiff had moderate limitations in concentration, persistence and pace.  Second, Plaintiff contends the ALJ improperly relied on the testimony of the Vocational Expert after posing a hypothetical question that failed to adequately reflect Plaintiff's limitations.  Third, Plaintiff contends that the ALJ erred in evaluating his credibility.[2]  For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED**.

## II.    STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely

---

[2]Plaintiff does not challenge the ALJ's findings as to any particular physical limitation, except generally to the extent the ALJ found him only partially credible about his limitations.  Doc. 19.

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. § § 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent his from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

## III.     ISSUES AND ANALYSIS

### A.    Limitations in concentration, persistence, and pace

Plaintiff argues that the ALJ erred by not including his mental limitations in the RFC finding or in her hypothetical to the vocational expert. Plaintiff argues that it was error for the ALJ to find that Plaintiff had moderate limitations in concentration, persistence or pace, but then omit these limitations in the RFC finding and hypothetical question to the VE. The Commissioner does not dispute that the ALJ should have included mental limitations in his RFC finding and hypothetical question but argues the ALJ's failure to include such limitations was harmless error because the work identified by the ALJ was unskilled and did not exceed Plaintiff's mental capabilities.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999); *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Pendley*, 767 F.2d at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

The ALJ found that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with limitations for bending from the waist. R. 20. Because he was limited to a reduced range of sedentary work, the ALJ also determined that Plaintiff could not perform his past relevant work. R. 24. The ALJ found:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant's sleep was disturbed by pain and he was diagnosed with sleep apnea and so limitations for concentration may be present (Exhibit 8F, page 3).

R. 20.  The ALJ subsequently relied discussed the following medical evidence concerning Plaintiff's mental health in discussing Plaintiff's RFC:

> The claimant has never had mental health evaluations/treatment or psychiatric hospitalizations.  He reported a brief period of depression when his first wife left him and he was in jail but it was situation specific. There was no reported history of substance abuse or head traumas or a family history of mental illness (Exhibit SF, page 3). Psychologist Zehr observed the claimant was cooperative and his vision and hearing were normal. Psychologist Zehr noted that while the claimant reported emotional problems there were no general observations or problems with the claimant's daily functioning (Exhibit SF, page 3). The self reported limitations have been considered and accommodated in the mentioned residual functional capacity.
>
> Similarly, the Vocational Rehabilitation Counselor of Abilities of Florida who saw the claimant on December 17, 2009, found he was friendly, polite and interacted easily. The claimant was able to listen, understand and follow directions and remain on task without difficulty. He had a good frustration tolerance and was willing to work to his level of ability. The evaluation showed the claimant's interest was in physical science and machine operation and the claimant had a fourth grade reading and math capability. At the time the claimant had problems with his feet and ankles so mobility, standing, bending and stooping were difficult (Exhibit 9F, page 7). The Counselor recommended that the claimant would be well suited for sedentary work with a machine oriented occupation such as packaging and filling machine operator, welding/soldering operator, and quality control operator (Exhibit 9F, page 7 and duplicate 14F). This opinion is consistent with the residual functional capacity and the suggestions made by the vocational expert at the hearing.
>
> In sum, the above residual functional capacity assessment is supported by the claimant's testimony regarding his limitations, the vocational counselor's suggestions, and the consultative examiners functional assessments of the claimant's ability. The treating physician did not offer opinions concerning the claimant's functioning but the clinical and treatment notes were considered. Any mentioned limitations have accommodated accordingly in the residual  functional capacity. In sum, the above residual functional capacity assessment is supported by the objective evidence and medical findings established in this record. To the extent that the claimant alleges he cannot work within the residual functional capacity, the undersigned finds the allegations not fully credible.

R. 24.  The ALJ determined, based on VE testimony, that Plaintiff could perform other jobs in the national economy.  R. 25.

Plaintiff contends that the ALJ erred in failing to include Plaintiff's mental limitations in his RFC and in the hypothetical to the VE. The ALJ asked the VE in the hypothetical to assume a hypothetical person who "is limited to sedentary work because of his feet, but – so, he needs a job that he can do primarily sitting, some standing where she [sic] can stand for 30 minutes at a time, wait a minute 20 to 30 minutes at a time, but most – we need a job that's primarily seated. He doesn't have to lift more than 10 pounds, and doesn't have to bend over from the waist to pick things up off the floor." R. 59.  The ALJ also provided that the work should not require reading anything more than a list, should be unskilled or semi-skilled, and instructions should be given orally. R. 60, 62.  The VE testified in response that other jobs in the economy such a person was able to perform included a circuit board assembler, table worker, food and beverage clerk. R. 62. The ALJ relied on and summarized the VE's testimony as:

> However, the claimant's ability to perform all or substantially all of the requirements of [the sedentary] level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all these factors the individual would be able to perform the requirements of unskilled sedentary jobs with limited reading such as the following representative occupations: circuit board assembler (DOT 706.684-034) and table worker (DOT 739.687-182) with 2,500 jobs in the local economy and 53,000 jobs in the national economy and food and beverage clerk taking orders guests [sic] in hotel (DOT 209.567-014 with 250 jobs in the local economy and 85,000 jobs in the national economy.

R. 25.  Because the ALJ had not included Plaintiff's moderate mental limitations in the RFC, she also did not include them in the hypothetical to the VE, which Plaintiff argues was an error warranting reversal.

Pursuant to the Eleventh Circuit's decision in *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011), the ALJ must adequately account for a claimant's limitations in concentration, persistence and pace by including such limitations in any hypothetical to the VE.

The Commissioner argues that, in this case, the ALJ's failure to include Plaintiff's moderate limitations in concentration, persistence, and pace was a harmless error because the work identified by the ALJ did not exceed Plaintiff's mental capabilities. Doc. 20 at 6. The Commissioner argues that because the jobs the ALJ identified were "unskilled" and the medical evidence showed that Plaintiff can perform unskilled work despite his mental limitations, the ALJ's error was harmless and remand for the ALJ to include a limitation regarding Plaintiff's mental abilities would be unnecessary because it would not change the VE's testimony or the ALJ's ultimate decision. *See Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Williams v. Barnhart*, 140 F. App'x 932, 936 (11th Cir. 2005); *Walker v. Astrue*, No. 8:06–cv–23360–T–TGW, 2008 WL 516563, at *3 (M.D. Fla. Feb. 22, 2008) (finding the ALJ's failure to include a restriction to simple repetitive tasks in the hypothetical question was harmless error where the job identified by the VE did not demand a mental capacity beyond that possessed by the plaintiff).

However, the Eleventh Circuit rejected a similar position of the Commissioner, that an "unskilled" limitation adequately accounts for moderate mental limitations, in *Richter v. Commissioner of Social Security*, 379 Fed. Appx. 959, 2010 WL 2017650 (11th Cir. May 21, 2010) (unpublished opinion)[3]. In *Richter*, the court held that the ALJ could not generally account for a claimant's deficiencies in concentration, persistence, and pace by restricting the vocational expert's inquiry to simple, routine tasks or unskilled work *unless* the "medical evidence demonstrate[s] that a claimant retains the ability to engage in simple, routine, repetitive tasks or unskilled work despite deficiencies in concentration, persistence and pace" and then "these restriction sufficiently account for such deficiencies." *Id.* (citing cases for sister circuits including *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (restricting vocational expert's inquiry to simple, routine, repetitive tasks accounted for deficiencies of concentration, persistence, or pace where psychologist determined that

---

[3] Unpublished opinions of the Eleventh Circuit, constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

claimant could perform such tasks without severe restrictions)). The panel also noted that sister circuits had held that hypothetical questions adequately accounted for a claimant's deficiencies in concentration, persistence, and pace where they otherwise implicitly accounted for these deficiencies, citing *White v. Commissioner of Social Security,* 572 F.3d 272, 288 (6th Cir. 2009) and *Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir. 2002).

The Commissioner argues that the jobs the ALJ identified are unskilled and, "the medical evidence shows that Plaintiff can perform unskilled work despite his mental limitations." Doc. 20 at 6 (citing R. 25). However, the portion of the ALJ's decision cited by the Commissioner at R. 25 does not cite any medical evidence, but merely discusses the VE's testimony about "unskilled" jobs in the national economy.

In the portion of the ALJ's opinion that does discuss Plaintiff's mental limitations (R. 20), the ALJ found that Plaintiff had moderate limitations in concentration, persistence or pace based on Plaintiff's testimony his sleep was disturbed by pain and sleep apnea. R. 20. The Commissioner argues that "the medical evidence and other evidence shows, however, that despite limitations in concentration Plaintiff was able to perform unskilled work which only requires the performance of simple duties. See 20 C.F.R. §§ 404.1568(a), 416.968(a)." Doc. 20 at 7. As an initial matter, the Commissioner cannot advance reasons for omitting Plaintiff's moderate concentration limitation from the RFC that the ALJ did not assert in her decision. "If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Comm'r of Soc. Sec.,* 384 Fed. Appx. 893, 896 (11th Cir. 2010) (citing *FPC v. Texaco Inc.,* 417 U.S. 380, 397, 94 S.Ct. 2315, 41 L.Ed.2d 141 (1974)). Moreover, the ALJ's decision is internally inconsistent, in that although she found Plaintiff had moderate limitations in concentration, persistence and pace based on Psychologist Zehr's report[4], without explanation, she failed to include these moderate limitation in concentration in Plaintiff's

---

[4] The ALJ cites Ex. 8F, page 3 (R. 20) of Psychologist Zehr's Report, or R. 361, which notes in the Prognosis section that Plaintiff was diagnosed with Sleep Disorder due to Pain and Breathing Related Sleep Disorder due to apnea.

-9-

RFC. In the RFC section of the opinion, the ALJ summarized the consultative examination by Psychologist Zehr and then stated, "The self reported limitations have been considered and accommodated in the mentioned residual functional capacity." R. 24. However, *no* mental limitations were mentioned in Plaintiff's RFC determined by the ALJ, only a physical limitation on bending. *See* R. 20 ("the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with limitations for bending from the waist"). The ALJ states for a second time in summarizing the evidence that "[a]ny mentioned limitations have [been] accommodated accordingly in the [RFC]." R. 24. The ALJ's failure to include in Plaintiff's RFC his moderate limitations in concentration, persistence, and pace – after finding that they existed (R. 20) – was error. The ALJ cannot generally account for Plaintiff's acknowledged limitation in concentration, persistence, and pace, as the Commissioner attempts to argue, merely by restricting the vocational expert's inquiry to "unskilled" work where she has not pointed to specific medical evidence demonstrating that Plaintiff retained the ability to engage in unskilled work despite the moderate limitation in concentration, persistence or pace from his sleep apnea. Accordingly, the ALJ's decision was not based on substantial evidence and must be remanded.

### B. Pain and credibility.

Plaintiff also contends that the ALJ's assessment of his credibility was in error. The Commissioner argues that the ALJ found Plaintiff's statements that he had a limited ability to walk, stand, and bend to be credible, and appropriately took those statements into account by limiting Plaintiff to sedentary work. R. 20, 59-60. The ALJ found, "To the extent that the claimant alleges he cannot work within the [RFC], the undersigned finds the allegations not fully credible." R. 24.

Pain is a non-exertional impairment. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the

objective medical evidence. 20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560, *quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Plaintiff has an extensive list of physical impairments, which the ALJ found to be severe: hypertension, hyperlipidemia, obesity, arthritis, gout, status post arthoscopy of right knee, and bunion removal, sleep apnea, polyarthritis and stable chronic renal insufficiency. R. 18.  On remand, the ALJ will assess Plaintiff's credibility and statements about pain from his physical conditions, their impact on his sleep, his sleep apnea, and any limitations on his concentration, persistence and pace, consistent with the above guidelines.

## IV. CONCLUSION

Accordingly, the Court **REVERSES** and **REMANDS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 5, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record